UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JUUL LABS INC.,                                  :
                                                 :
                              Plaintiff,         :
                                                 :                MEMORANDUM & ORDER
             -against-                           :
                                                 :                1:21-cv-05779 (ENV) (RML)
GREENPOINT VAPE & TOBACCO SHOP INC.,             :
                                                 :
                              Defendant.         :
                                                 :
------------------------------------------------------------ x

VITALIANO, D.J.

      Plaintiff JUUL Labs, Inc. ("JLI") commenced this action on October 15, 2021, alleging, *inter alia*, that defendant Greenpoint Vape & Tobacco Shop Inc. ("Greenpoint") infringed upon JLI's trademarks and committed unfair competition by illegally selling and distributing counterfeit or unauthorized versions of JLI products and packaging in violation of Sections 32(1) and 43(a) of the Lanham Act as well as corresponding provisions of New York state law. *See* Compl., Dkt. 1, ¶ 1. Despite the passage of almost two years since the complaint was originally filed, Greenpoint has failed to appear or otherwise respond to this action.

      In due course, the Clerk of Court entered defendant's default, and upon receipt of the certificate of default, plaintiff moved for default judgment. Mot., Dkt. 11. On reference to him, Magistrate Judge Robert Levy recommended that the motion be granted in a Report and Recommendation ("R&R") issued on August 19, 2022. *See* R&R, Dkt. 15. Defendant did not object. For the following reasons, the R&R is adopted as the opinion of the Court.

## Background

      The factual and procedural history of this action is recounted in detail in the R&R. *See id.* at 1–4. The familiarity of the parties with this history is presumed and will not be needlessly

1

repeated here. Recitation of the procedural timeline, though, might be helpful to the understanding of this decision.

Prior to commencing this action, JLI sent a cease-and-desist letter to Greenpoint on March 2, 2020. *See* Compl. Ex. C, Dkt. 1-3, at 2–3. After receiving no response, JLI proceeded with litigation and filed the complaint on October 15, 2021. *See* Compl. at 16. Defendant was served with the complaint by a process server on October 21, 2021. *See* Dkt. 8. When the complaint was met with silence, JLI took the necessary steps to move for default judgment by first requesting a certificate of default. Dkt. 9, at 1. JLI served its request on defendant, *id.* at 2, but defendant again failed to respond.

JLI ultimately moved for default judgment on December 29, 2021. Mot. at 2. Defendant was notified and sent a copy of the motion. *Id.* at 3. However, JLI failed to attach to its motion a copy of the certificate of default, a copy of the complaint, and a proposed form of default judgment, as required by Local Rule 55.2(b).

Along with a copy of the motion, JLI separately served on defendant a declaration of its attorney, Terry Parker, attaching as exhibits copies of the certificate of default, the memorandum of law in support of its motion, and declarations by its attorneys with accompanying exhibits. *See* Parker Decl., Dkt. 14, at ¶¶ 3-4; Parker Decl. Ex. A, Dkt. 14-1; Parker Decl. Ex. B, Dkt. 14-2. Defendant again failed to respond to JLI's motion.

On August 19, 2022, Magistrate Judge Robert Levy issued a R&R recommending that JLI's motion for default judgment be granted. *See* R&R at 1. Despite timely notice of the R&R, defendant did not file any objections and has still not appeared in this action.

Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, as is the case here, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

Discussion

Having thoroughly reviewed Judge Levy's report, the Court finds the report and recommendations to be correct, well-reasoned, and free of any clear error. In particular, Judge Levy recommended that (1) JLI be granted default judgment with respect to its Lanham Act claims concerning counterfeit goods, grey market goods, and false designation of origin claims, and its common law trademark infringement claim; (2) plaintiff's claims of unfair competition under the Lanham Act and New York common law, and its deceptive acts and practices under § 349 of New York's General Business Law, be dismissed; (3) plaintiff be awarded $50,000 in damages and post-judgment interest at the statutory rate; and (4) a permanent injunction be issued barring defendant from selling counterfeit and grey market JLI products. R&R at 9–19. The Court adopts these recommendations as the opinion of the Court.

But all is not peaches and cream. Notwithstanding Judge Levy's exercising discretion and overlooking the shortcomings of plaintiff's filing, the Court cautions JLI and its counsel about the failure to comply with Local Rule 55.2(b), which requires that a movant append to a default judgment motion: "(1) the Clerk's certificate of default, (2) a copy of the claim to which no

response has been made, and (3) a proposed form of default judgment."[1]  That these items "may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers." *Century Surety Co. v. Atweek, Inc.*, No. 16-cv-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018).  Local Rule 55.2(c) further requires that "all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall simultaneously be mailed to the party against whom a default judgment is sought."  Local Civ. R. 55.2(c).  Although JLI will not be required to refile, its counsel is advised to strictly scrutinize and adhere to all applicable rules, including Local and Individual Rules, should it find itself before this Court in the future in this or any other action.

Conclusion

Accordingly, Magistrate Judge Levy's R&R is adopted in its entirety and JLI's request for default judgment is granted.  JLI is awarded $50,000 in enhanced statutory damages plus post-judgment interest.  Plaintiff's request for a permanent injunction is likewise granted.  Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, is prohibited from: engaging or continuing to engage in infringing, unlawful, unfair, or fraudulent business acts or practices relating to the intellectual property owned by JLI, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL-branded products

---

[1] Ultimately, a court's discretion to grant or deny a motion for default judgment includes "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001).  Indeed, courts within this district have excused a movant's failure to strictly comply with the Local Rules if a defendant received fair notice of the motion for default judgment.  *See Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Local 15, 15A, 15C, & 15D, AFL-CIO v. Coastal Env't Grp. Inc.*, No. 18-cv-5791 (LDH) (SJB), 2019 WL 5693916, at *3 n.7 (E.D.N.Y. Aug. 30, 2019).

4

such as fake counterfeit products or unauthorized grey-market products; using without permission any mark or other intellectual property right of JLI; acting to infringe federally-registered, registration-pending, and common law trademarks owned by JLI, falsely designating the origin of any product to be from JLI; engaging in unfair competition with JLI; or acting in any other manner to derogate intellectual property rights owned by JLI.

      The Clerk of Court is directed to enter judgment following submission by JLI of a proposed form of judgment.

      So Ordered.

Dated: Brooklyn, New York
      August 22, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge